IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                              3:03cr147/RV; 3:07cv340/RV/MD
                                                 3:03cr140/RV; 3:07cv338/RV/MD

ROBERT M. MURPHY
_____/

## ORDER GRANTING CERTIFICATE OF APPEALABILITY

This cause is before the court on defendant's applications for certificates of appealability in his appeal of the denial of 28 U.S.C. § 2255 relief in the above-styled cases. (Case 3:03cr140/RV, doc. 442/443, case 3:03cr147, doc. 22/23).  Unless a certificate of appealability is issued, the defendant may not take an appeal from a final order denying Section 2255 relief.  *See* 28 U.S.C. 2253(c)(1)(B).  Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039 (2003).  If a certificate issues it must indicate the issue or issues which satisfy this standard.  § 2253(c)(3).

The standard for granting a certificate of appealability is "materially identical" to the pre-AEDPA standard for granting a certificate of probable cause.  *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Hardwick v. Singletary*, 126 F.3d 1312, 1313 (11th Cir. 1997) (*citing* 28 U.S.C. § 2253(c)(2) *and Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983)).  The Court in *Barefoot* found the following statement "cogently sums up this standard:"

"In requiring a 'question of some substance', or a 'substantial showing of the denial of [a] federal right', obviously the petitioner need not show that he should prevail on the merits.  He has already failed in that endeavor.  Rather,

he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner];  or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Id.*, n. 4 (citations omitted); *see also*, *Miller-El, supra; Slack, supra; Eagle v. Linahan,* 279 F.3d 926, 935  (11ᵗʰ Cir. 2001); *Weeks v. Jones*, 52 F.3d 1559, 1574 (11ᵗʰ Cir. 1995), *cert. denied*, 514 U.S. 1104 (1995) (*quoting Barefoot*); *United States v. Rocha*, 109 F.3d 225, 227 n.2 (5ᵗʰ Cir. 1997).  "The primary difference between the two certificates is that a COA must specify on its face the issues on which the petitioner has been granted leave to appeal." *Eagle*, 279 F.3d at 935. The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. *Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039.  For claims defeated on the merits, the petitioner seeking a certificate of appealability must establish that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Eagle*, 279 F.3d at 935 (citing *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604).  If a claim has been disposed of on procedural grounds, in order for a certificate of appealability to be granted, it must be shown that reasonable jurists would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* (citing *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11ᵗʰ Cir. 2000) (quoting *Slack*, 529 U.S. at 483, 120 S.Ct. at 1604)); *Gonzalez v. Secretary of Department of Corrections*, 317 F.3d 1308, 1312 (11ᵗʰ Cir. 2003).  The Supreme Court has further explained:

> A prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. *Barefoot*, supra, at 893, 103 S.Ct. 3383. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

*Miller-El*, 537 U.S. at 338, 123 S.Ct. at 1040.

Defendant was charged in case 3:03cr140/RV with conspiracy to possess with intent to distribute cocaine, and in case 3:03cr147/RV with money laundering.  Represented by retained counsel Michael Griffith, he entered a simultaneous plea of guilty in both cases on December 12, 2003.[1]  With respect to the conspiracy charge, defendant stated at rearraignment that he understood the charge and had fully discussed it with counsel.  (Doc. 258, at 22-24).  The agreement signed by the defendant acknowledged that the conspiracy involved five kilograms or more of cocaine.  (*Id.* at 34).  With respect to the money laundering charge, defense counsel indicated that he had discussed the contents of the plea agreement with his client in detail, although defendant had not seen the actual information before that date.  (*Id.* at 25).  Defendant indicated his intent to plead guilty to this charge, and stated that he understood the charge.  (*Id.* at 28-29).  When asked whether he had fully discussed the charge with counsel, defendant asked for another minute to discuss something with his attorney, then told the court that he was guilty of cashing checks that were the proceeds of illegal activity at the Sandshaker.  (*Id.* at 29-30).  He reiterated to the court that he understood the charge and that counsel had made It clear to him, and counsel also explained what he had discussed with his client.  (*Id.* at 31, 46).  Counsel told the court that he had estimated that his client was facing 20 years to life imprisonment, although there was no guarantee what the sentence would be.  (*Id.* at 42).  Finding the defendant to have been fully informed, the court accepted the guilty plea.  (Doc. 258 at 55).

Defendant was sentenced on April 28, 2004.  At sentencing, the court noted that defendant had an offense level of 37 and a criminal history category of I, which resulted in a guideline range of 210 to 262 months.  (Doc. 367 at 5).  Counsel gave a lengthy statement to the court setting forth the defendant's unfortunate circumstances (doc. 367 at 8-11), and then the defendant himself read a statement he had written to the court.  (*Id.* at 11-14).  The Assistant United States Attorney addressed the court with respect to defendant's cooperation and the 5K1 motion that had been filed, and the court sentenced

---

[1]Defendant pleaded guilty to an indictment in the controlled substance case and waived indictment and pleaded guilty to an information in the money laundering case.  (Doc. 258 at 25-29).

defendant to a term of 90 months imprisonment.  (*Id.* at 17).  In doing so, the court noted that "the guideline range as calculated did not take into account the otherwise applicable safety valve which would have reduced [defendant's] sentence significantly but for the leadership role that otherwise applies in this case."  (*Id.* at 17).  No fine was imposed due to the defendant and his wife forfeiting property estimated at approximately one and a half million dollars.  (*Id.* at 18).  Judgment was entered on April 29, 2004, and defendant did not appeal.  On May 10, 2007, defendant's sentence was further reduced to only 66 months after the government filed a Rule 35 motion.  (Doc. 434).

On August 3, 2007, defendant filed identical § 2255 motions in the above-styled cases.  He claimed that counsel's representation was constitutionally ineffective in that counsel failed to get inaccurate information regarding his guideline level removed from the PSR, that counsel may have operated under a conflict of interest due to an ongoing fiduciary relationship with one of the alleged co-conspirators, that counsel had "conflicting motivations" as to his reasons for representing the defendant, that defendant "remain[s] unconvinced" that he is guilty of money laundering, and that his right of allocution was compromised because counsel delivered his statement.  The court denied the motions as untimely, as they had been filed more than one year from the date the judgment of conviction became final.

Defendant now seeks a certificate of appealability based on the recently decided case of *Ferreira v. Secretary of the Department of Corrections,* 494 F.3d 1286, 1292-93 (11th Cir. 2007).  The Eleventh Circuit had initially held in considering a § 2254 application, that when a petitioner who had been resentenced challenged only his underlying conviction in a habeas petition, the one-year statute of limitations in AEDPA ran from the date the conviction became final, regardless of when the petitioner's corrected sentence became final.  *Ferreira v. Sec'y, Dept. Of Corr.,* 183 Fed.Appx. 885 (11th Cir. 2006).  After that opinion was vacated and remanded for further consideration by the Supreme Court in light of *Burton v. Stewart*, __ U.S. __, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007), the Eleventh Circuit held that AEDPA's statute of limitations begins to run from the date both the

conviction and the sentence the petitioner is serving at the time he files his application become final, because judgment is based on both the conviction and the sentence.

Previously, it would not have been  unreasonable to assume that the defendant's conviction became final in May of 2004 after the time for filing a direct appeal of his conviction lapsed, and that the time for collateral attack expired one year later.  However, the potential implication of the holding in *Ferreira* is that any alteration to a defendant's original sentence, including the granting of a Rule 35 motion, even years later, could essentially "re-start" the AEDPA limitations period, re-opening the original conviction and sentence to collateral attack.  The court thus finds that a certificate of appealability should issue on the following question:  <u>Whether granting a defendant a sentence reduction pursuant to Rule 35 constitutes a resentencing that re-starts the AEDPA time clock, allowing a defendant to collaterally attack his original conviction and sentence</u>.


It is therefore ORDERED:

Defendant's request for a certificate of appealability (doc. 442, 22) is GRANTED for the issue set forth above.


DONE AND ORDERED this 22nd day of October, 2007.


*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**